UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PERRIGO-MANUFACTURED
GLUCOSAMINE PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION  MDL No. 2518

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in four actions pending in the District of Delaware, the Southern District of Florida, the District of New Jersey, and the Western District of Pennsylvania move to centralize this litigation in the District of Maryland. The litigation consists of a total of eight actions, as listed on Schedule A.[1]

Plaintiffs in the Southern District of New York action (*Quinn*) oppose centralization. Defendants Walgreen Co. (Walgreens), Wal-Mart Stores, Inc., and Supervalu, Inc., submitted a joint response also opposing centralization.[2]

On the basis of the papers filed and the hearing session held, we will deny the motion. We are not persuaded that Section 1407 centralization at this time would serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Two days before oral argument in this matter, counsel for the *Quinn* plaintiffs and defense counsel informed us that they had reached a "global" settlement that they expect will resolve all of the subject actions. They stated that they, along with counsel for the Southern District of California *Eckler* and Northern District of Illinois *Guilin* plaintiffs, had "begun papering the settlement," and that they anticipated "being in a position to seek preliminary approval in short order." In these circumstances, we conclude that centralization might delay proceedings related to the proposed settlement, as well as create additional burdens for the involved litigants and courts with little offsetting benefit.[3] *See In re: Pilot Flying J Fuel Rebate Contract Litig.*, 959 F. Supp. 2d 1373, 1374 (J.P.M.L. 2013); *accord In re: Power Balance, LLC, Mktg. & Sales Practices Litig.*, 777 F. Supp. 2d 1345, 1345-46 (J.P.M.L. 2011). If certain plaintiffs wish to object to or opt out of the proposed settlement, there are suitable

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] The Panel has been informed of one related federal action, which is pending in the Northern District of Florida.

[2] Defendants are represented by common counsel.

[3] None of the involved actions are pending in the District of Maryland, the transferee district suggested by the Section 1407 movants.

- 2 -

mechanisms in place by which they may do so without the need for an MDL. *See In re: Pilot Flying J*, 959 F. Supp. 2d at 1374.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer           Sarah S. Vance
Ellen Segal Huvelle

IN RE: PERRIGO-MANUFACTURED
GLUCOSAMINE PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION                    MDL No. 2518

## SCHEDULE A

<u>Southern District of California</u>

ECKLER V. WAL-MART STORES, INC., C.A. No. 3:12-00727
NUNEZ V. SUPERVALU, INC., ET AL., C.A. No. 3:13-00626

<u>District of Delaware</u>

NELSON V. WALGREEN CO., C.A. No. 1:13-01871

<u>Southern District of Florida</u>

GROUP V. WALGREEN CO., C.A. No. 9:13-81105

<u>Northern District of Illinois</u>

GUILIN V. WALGREENS COMPANY, C.A. No. 1:11-07763

<u>District of New Jersey</u>

GROSS V. WALGREEN CO., C.A. No. 1:13-06630

<u>Southern District of New York</u>

QUINN, ET AL. V. WALGREEN CO., C.A. No. 7:12-08187

<u>Western District of Pennsylvania</u>

CALVERT V. WALGREEN CO., C.A. No. 2:13-01161